FILED

2019 Sep-20  PM 05:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES JOHNSON, JR., and** | ) | |
| **ERICKA JOHNSON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 2:18-cv-01835-MHH** |
| **ABF FREIGHT SYSTEM, INC.,** | ) | |
| **and MARK EUGENE** | ) | |
| **MASSINGILL** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER, OR, ALTERNATIVELY, MOTION TO QUASH THIRD-PARTY SUBPOENAS

COME NOW the Defendants, ABF Freight System, Inc., and Mark Eugene Massingill, and move pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(1) for a protective order or, alternatively, for an order quashing the subpoenas noticed by Plaintiffs to the subpoenaed experts of Defendants.

## FACTS

The instant action arises out of a motor vehicle accident in Birmingham, AL that involved two tractor-trailers on October 26, 2016. In their defense of the claim, Defendants retained three experts in various fields. Pursuant to the Court's

{DOC# 00610491}

Scheduling Order (Doc. 7), the Defendants' disclosed their retained experts' identities prior to the September 2, 2019 deadline. In an effort to obtain the expert files prior to their scheduled depositions, counsel for the Plaintiffs indicated they served three overly broad and sweeping non-party subpoenas on Defendant's retained experts: (1) Dr. Lars Reinhart, MD; (2) Dr. Jennings B. Marshall; and (3) James Douglas Miller[1] on September 4, 2019. Exhibit A. Defendants notified Plaintiffs of their objections to the subpoenas within the fourteen (14) day period pursuant to Fed. R. Civ. P. 45(d)(2)(B). Exhibit B.[2] After an attempt to handle this matter amicably without the need for Court intervention, Plaintiffs asserted that Defendants did not have standing to object to the subpoenas on behalf of the experts and requested that Defendants responded fully to the subpoenas. Exhibit C. Plaintiffs further stated that if they did not receive full and complete responses, they would delay scheduled depositions until the matter is resolved. *Id.*

## RULES OF DECISION

Federal Rule of Civil Procedure 26(c) authorizes this Court, on a motion by the Defendants, to issue a protective order "to prevent discovery that in 'annoyance . . . oppression, or undue burden or expense.'" *Schwanke v. JB Medical Mgmt. Solutions, Inc.*, 2017 WL 3034039 at *7 (M.D. Fla. July 18, 2017) (internal citations

---

[1] Hereinafter collectively referred to as "Defendants' Experts."
[2] In accordance with Rule 37 of the *Federal Rules of Civil Procedure*, the undersigned certifies that he endeavored in good faith to resolve this discovery dispute without intervention of the Court and that no agreement could be reached.

{DOC# 00610491}

omitted). Numerous courts have recognized that a party has standing under Rule 26(c) to seek a protective order to limit the scope of discovery served on a non-party. *See Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218-19 (M.D. La. 2016) ("[A] party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third party subpoena." (citations omitted)); *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, No. 12-cv-81397, 2014 WL 12513974, at *3 (S.D. Fla. Dec. 10, 2014) (citing *Auto Owners Ins. Co.*, 231 F.R.D. at 429) ("a party to a lawsuit may move the Court for entry of a protective order and challenge third-party subpoenas on the basis that they seek irrelevant information"); *Shukh v. Seagate Tech,, LLC*, 295 F.R.D. 228, 236 (D. Minn. 2013) (stating that Rule 26(c) "has been interpreted to provide standing for a party to contest discovery sought from third-parties" pursuant to a subpoena under Rule 45); *see also Underwood v. Riverview of Ann Arbor*, No. 08-CV-11024, 2008 WL 5235992, at *2 (E.D. Mich. Dec. 15, 2008); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005).

In determining whether a party has standing to quash a subpoena *duces tecum*, courts have repeatedly found that a party does have standing to move to quash subpoenas under Rule 45(a)(4), which provides that, "[i]f the subpoena commands the production of documents . . . or tangible things . . . before trial, then *before* it is

served on the person to whom it is directed, a notice and a copy of the subpoena

must be served on each party." Fed. R. Civ. P. 45(a)(4) (emphasis added); *Franklin*

*v. Nat'l Gen. Assur. Co.*, 2014 U.S. Dist. LEXIS 199288, at *2 (M.D. Ala. Dec. 16,

2014); *see Auto-Owners*, 231 F.R.D. at 428 ("Defendants have standing to move to

quash or modify the subpoena based on inadequate notice."); *In re Willingham*, 493

B.R. 628, 633 (Bkrtcy. M.D. Fla. 2013) ("Defendant . . . has standing to move to

quash the subpoenas *duces tecum* based on his assertion of not receiving prior notice

of their issuance."). If a party fails to comply with Rule 45, a subpoena *duces tecum*

may be quashed as a result of that party's failure. *Steel Works Rebar Fabricators,*

*LLC v. Alterra Am. Ins. Co.*, No. 11-240320-CIV, 2012 U.S. Dist. LEXIS 72985, at

*2 (S.D. Fla. May 25, 2012).

  In *Franklin*, the Middle District of Alabama granted a motion to quash a third-

party subpoena for failure to give proper notice. *Franklin*, 2014 U.S. Dist. LEXIS

199288, at *5. In that case, the defendant sought a protective order, or in the

alternative, moved to quash the plaintiff's subpoena *duces tecum* as "procedurally

defective." *Id.* at *3-4. The court determined that the defendant had standing to move

to quash the subpoena under Rule 45(a)(4). *Id.* at *4. The court noted that the

defendant's argument was that the plaintiff's had not complied with Rule 45(a)(4),

"but instead served 'only a notice of service advising [they] ha[ve] served the

attached subpoenas, not that [they] intend[ed] to serve the same.'" *Id.* at *5 (internal

{DOC# 00610491}

quotations omitted). The plaintiff in the case did not dispute the defendant's assertions. *Id.* After quoting *Steel Works*, the Middle District held that the plaintiff's third party subpoena was due to be quashed "for failure to give proper notice." *Id.*

Generally, a party does not have standing to move to quash a Rule 45 subpoena that is served on a nonparty. However, in certain circumstances, a party may have standing under this Rule. In addition to having standing to quash under Rule 45(a)(4), a party also has standing to quash a subpoena served upon a third party when the party asserts claims of privilege relating to the documents being sought. *Windsor v. Martindale*, 175 F.R.D. 665 (D. Colo. 1997); *Johnson v. Gmeinder*, 191 F.R.D. 638 (D. Kan. 2000). Furthermore, pursuant to Rule 45(d)(3)(A)(iii), this Court must quash a subpoena that "requires disclosure of privileged or other protected matter . . . ." Fed. R. Civ. P. 45(d)(3)(A)(iii).

## ARGUMENT

**A.** **The Plaintiffs' Subpoenas[3] Seek Irrelevant Information Regarding Income, Compensation, and Payment from Cases outside the Case at Bar**

Although Rule 45 does not list irrelevance as a ground for moving to quash a subpoena, courts in this Circuit hold that the scope of discovery under a subpoena "is the same as the scope of discovery under Rule 26." Barrington, No. 07-61304-

---

[3] The subpoenas issued to Dr. Reinhart, Dr. Marshall, and Mr. Miller are identical in their requests. For purposes of the Argument section, "Subpoenas" will collectively encompass the individually addressed subpoenas to Dr. Reinhart, Dr. Marshall, and Mr. Miller.

{DOC# 00610491}

CIV-COHN/SELTZER, 2007 U.S. Dist. LEXIS 90555, at *9 (citing 9A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 2459 (2d ed. 1995)). Rule 26 provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Thus, the relevance of Defendant's subpoena should be considered in determining whether this Court should quash it. Finally, as the relevancy of the information requested is not apparent on its face, the party seeking the discovery bears the burden of establishing its relevancy. Barrington, No. 07-61304-CIV-COHN/SELTZER, 2007 U.S. Dist. LEXIS 90555, at *10 (citing Dean v. Anderson, No. 01-2599-JAR, 2002 U.S. Dist. LEXIS 11536, 2002 WL 1377729, at *2 (D. Kan. June 6, 2002)).

Multiple requests in the Plaintiffs' Subpoenas to Defendants' Experts request irrelevant information regarding each of the expert witness's income, payment, and compensation. Exhibit D. Paragraphs 8, 9, 10, and 13 of the Plaintiffs' Subpoenas contain requests that are irrelevant to the subject action with regards to Defendants' Experts' income from cases outside the case at bar.

Paragraph 8, 9, 10, 13 all make similar, irrelevant requests:

> "8.    Any and all records confirming and/or reflecting all amounts that you (or your employer) have charged for preparing reports for any party to litigation, for the years 2017-2019;"

> "9.    Any and all records confirming and/or reflecting all amounts that you (or your employer) have charged for

testimony given by you, whether by trial or depositions, for the years 2017-2019;"

"10.   Any and all records showing a schedule or list of charges (whether to be paid to you or your employer) for work to be performed by you, including testimony (whether by trial or deposition), or preparation of reports, for the years 2017-2019;"

"13.   Documentation showing the total income generated by you for testifying, producing report, and/or litigation consulting, in the years 2017-2019;"

A statement of the compensation to be paid **in this** case is required by Rule 26(a)(2)(B)(vi) (emphasis added). However, Plaintiffs' requests in their Subpoenas any and all records from cases that are irrelevant and outside of the present litigation. Other Circuits have rule that, in order to grant request to examine expert witness's compensation records under 26(a)(2)(B) of the *Federal Rules of Civil Procedure*, the moving party is required to present sufficient demonstration that, over period of time, expert's opinion has materially changed in such way as to raise reasonable suspicion that compensation paid to such expert may have affected subsequent opinion. *Cary Oil Co. v. MG Ref. & Mktg.*, 257 F. Supp. 2d 751 (S.D.N.Y. 2003). Here, Plaintiffs have failed to demonstrate the need for income, payment, or compensation records outside of the present case.

**B.   The Plaintiffs Are Not Entitled to Any of Defendants' Experts' Prior Expert Reports or Testimony.**

{DOC# 00610491}

Defendants' Experts should not be required to produce any of their prior

expert reports or sworn testimony history under Rule 26 of the *Federal Rules of Civil*

*Procedure.*

Paragraph 7 requests:

> "All sworn testimony by you as an expert witness,
> including affidavits or declarations, deposition transcripts
> or trial transcripts wherein you testified in the last four (4)
> years;"

Rule 26(a)(2)(B) of the *Federal Rules of Civil Procedure* requires that an expert

must disclose a list of cases in which the expert has testified either at trial or

deposition within the preceding four years. However, Rule 26(a)(2)(B) has

previously been interpreted to not require disclosure of the testimony an expert gave

in a prior case. *See Trunk v. Midwest Rubber & Supply Co.*, 175 F.R.D. 664, 665 (D.

Colo. 1997) (holding that Rule 26 does not require an expert to produce reports from

unrelated litigation). Rather, Rule 26(a)(2)(B) requires disclosure by "a listing of any

other cases in which the witness has testified as an expert at trial or by deposition

within the preceding four years." Defendants compiled fully with Rule 26(a)(2)(B)

when it previously disclosed its experts to Plaintiffs on August 30, 2019 and

provided a listing of each expert's testimony history.

Paragraph 11 requests:

> "Copies of all reports that you have prepared and
> submitted in which you were retained as an expert by any

party to litigation, that you have prepared and submitted in
the years 2017-2019;"

Defendants' Experts should not be compelled to produce any of their prior expert
reports. Rule 26(a)(2)(B) only requires that a retained expert provide **a listing** of
other cases in which the witness has testified within the previous four years. *See*
*Estate of Heazel v. United States*, 2004 U.S. Dist. LEXIS 4783, *3 (N.D.  Ga.
February 4, 2004); *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004) (emphasis
added). A list of an expert's cases is all that is required, and a party is not entitled to
expert's report from other cases, regardless of their subject matter. *See Surles v. Air*
*France*, 2001 U.S. Dist. LEXIS 10048, *10 (S.D. N.Y. July 19, 2001). A more
expansive view of the disclosure obligation misplaced. "Conclusions and opinions
offered in unrelated litigation do not fall within the scope of Rule 26 discovery and
would unnecessarily burden litigation with pre-trial inquiry into facts and issues
wholly irrelevant to the case at hand." *See Trunk*, 175 F.R.D. 664, at  665 (granting
protective order and rejecting argument that party was entitled to prior expert reports
for impeachment purposes).

C.   **The Plaintiffs' Subpoenas Seek Irrelevant Information Regarding**
     **Advertisements and/or Letters of Solicitation**

Defendant's Experts should not be required to produce advertisements and/or

letters of solicitation to defense attorneys from the years 2017-2019.

Paragraph 12 requests:

{DOC# 00610491}

> "Copies of any and all publications, articles,
> advertisements, and/or letters of solicitation that you have
> circulated to defense attorneys in the years 2017-2019;"

This request for advertisements and/or letters of solicitation requests

information that is wholly irrelevant to the case at bar. Rule 26(a)(2)(B)(iv) indicates

that an Expert Witness must include their qualifications, "including a list of all

publications authored in the previous 10 years." However, Rule 26(a)(2)(B) does not

require experts to produce any and all advertisements and/or letters of solicitation

circulated to potential clients. Defendants compiled fully with Rule 26(a)(2)(B)

when it previously disclosed its experts to Plaintiffs on August 30, 2019 and

provided a listing of publications and articles.

**D.**   **The Plaintiffs' Subpoenas Should be Quashed for Failure to Provide**
**Defendants with Prior Notice of their Issuance, pursuant to Rule**
**45(a)(4).**

Plaintiffs' subpoenas should be quashed for failure to provide Defendants

with notice prior to serving their subpoenas on Defendants' Experts. According to

Rule 45(a)(4) of the *Federal Rules of Civil Procedure*, notice must be served on each

party to the litigation before a subpoena is served upon a third-party. The purpose of

the "prior notice" provision is to give an opposing party the opportunity to object to

the subpoena prior to the date set forth in the subpoena." *Fla. Media, Inc. v. World*

*Publ'ns, LLC*, 236 F.R.D. 693, 695 (M.D.Fla.2006) (internal citations and quotations

omitted). Plaintiffs failed to comply with this rule, serving only a notice of service

{DOC# 00610491}

in the September 4, 2019 email indicating that the attached subpoenas had "been mailed" to Defendants' Experts, not that he intends to serve the same. *See* Exhibit A; *Burch v. P.J. Cheese, Inc.*, 2010 U.S. Dist. LEXIS 143543, *3-4 (N.D. Ala. Aug. 20, 2010) (Rule 45 requires notice to be given prior to service on a third-party). Because Plaintiffs' subpoenas are procedurally defective, each is due to be quashed. *See Id.* (Subpoena quashed because it was issued without prior notice).

## CONCLUSION

Even if the Court rules that the Plaintiffs' subpoenas to the Defendants' Experts are not procedurally defective, the information sought in each is wholly irrelevant and not discoverable under Rule 26(a)(2)(B) for the foregoing reasons. Therefore, Defendants respectfully request that this Court enter an Order either quashing the Plaintiffs' subpoenas to Defendants' Experts or fashioning a protective order limiting the information sought by the Plaintiffs.

*s/ Howard Perdue, III*
Thomas L. Oliver, II (ASB-3153-R53T)
Howard Perdue, III (ASB-4572-H14A)
Attorneys for Defendants

{DOC# 00610491}

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057
E-Mail:       toliver@carrallison.com
               tperdue@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the __ day of September, 2019, I have served a copy of the above and foregoing on counsel for all parties by:

_____Facsimile transmission;

_____Hand Delivery;

__X__ Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or

_____ Using the Alafile or CM/ECF system which will send notifications of such to the following:

Eric Tiebauer
**The Tiebauer Law Offices, LLC**
P.O. Box 1421
Waynesboro, Mississippi 39367
Telephone:  (601) 735-5222
Facsimile:  (601) 735-5008

Jason M. Baer
**Baer Law, LLC**
3000 Kingman Street
Suite 200
Metairie, LA 70006
Telephone:  (504) 372-0111
Facsimile:  (504) 372-0151

*s/ Howard Perdue, III*
Of Counsel

{DOC# 00610491}