UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES JOHNSON JR., <br> and ERICKA JOHNSON <br><br> Plaintiffs, <br><br> v. <br><br> ABF FREIGHT SYSTEM INC., <br> MARK EUGENE MASSINGILL, <br><br> Defendants. | Case No.: 2:18-cv-01835-MHH |

## MEMORANDUM OPINION AND ORDER

The plaintiffs, James Johnson, Jr. and Ericka Johnson, have asked the Court to find as a matter of Alabama law that defendant Mark Massingill was at fault in his accident with Mr. Johnson. (Doc. 34). The record supports that finding.

The Court held oral argument on the Johnsons's motion. (July 17, 2020 minute entry). During the hearing, counsel for Mr. Massingill and his co-defendant, ABF Freight System, Inc., argued that disputed questions of fact concerning application of the sudden emergency doctrine in this case preclude summary judgment on the issues of breach of duty and accident causation.

Under Alabama law, in negligence cases, the sudden emergency doctrine may lower a defendant's standard of care. *Bettis v. Thornton*, 662 So. 2d 256, 257 (Ala.

1995). In Alabama, the sudden emergency doctrine is not an affirmative defense to a negligence claim, but rather provides a qualified standard of care for measuring the defendant's conduct in "recognition of the difficulties inherent in making accurate judgments during emergencies." *Burns v. Martin*, 589 So. 2d 147, 149 (Ala. 1991) (citing W. Keeton et al., *Prosser and Keeton on the Law of Torts* § 33, at 196–97 (5th ed. 1984)).[1] For the doctrine to apply, "there must be a sudden emergency and the sudden emergency must not be the fault of the one seeking to invoke the doctrine." *Bettis*, 662 So. 2d at 257. The defendant is not relieved of his duty to act as a reasonable person under similar circumstances would act, but he "is not held to the same correctness of judgment and action that would apply if he had had the time and opportunity to consider fully and choose the best means of escaping peril or preventing injury." *Burns*, 589 So. 2d at 149 (quoting *Dairyland Ins. Co v. Jackson*, 566 So. 2d 723, 727 (Ala. 1990).

Generally, a jury must determine whether a sudden emergency caused an accident. *Friedlander v. Hall*, 514 So. 2d 914, 915 (Ala. 1987) (citing *Rollins v. Handley*, 403 So. 2d 914, 917 (Ala. Civ. App. 1980)). A court may resolve the issue as a matter of law when the record does not contain "substantial evidence of disputed material facts upon which a fact-finder could base a determination that a sudden

---

[1] Neither defendant raised the doctrine as an affirmative defense in their original or amended answers, (Doc. 1-1, pp. 26–33, 39–46), nor did the defendants argue the doctrine applied in their response to the plaintiff's motion for partial summary judgment, (Doc. 39).

emergency existed . . . ." *Whitaker v. Coca-Cola Co. USA*, 812 So. 2d 1252, 1258 (Ala. Civ. App. 2001).  For the doctrine to apply, "there must be a sudden emergency and the sudden emergency must not be the fault of the one seeking to invoke the doctrine." *Bettis*, 662 So. 2d at 257 (citing *Friedlander v. Hall*, 514 So. 2d 914 (Ala. 1987)).

Here, the undisputed evidence establishes that Mr. Massingill created the circumstances that caused his accident with Mr. Johnson through an unforced error.  Mr. Massingill chose to pull his truck into an intersection controlled by a traffic light while the lane into which he planned to turn was occupied, causing him to stop his truck and block the intersection.  (Doc. 53-1, pp. 121, 132).  When the light turned from green to red, Mr. Massingill could not back up, so he had to pull forward.  As he completed his left turn, Mr. Massingill tried to maneuver his truck around Mr. Johnson's truck which was stopped in the left lane at a railroad crossing, but he struck Mr. Johnson's truck as he pulled into the right lane.  (Doc. 53-1, pp. 121-23, 125-26, 133, 136, 147-48).[2]  Mr. Massingill admitted in his deposition that he "could have stopped . . . and waited before making the left turn," but he "chose to make the left turn hoping [to] make it into the right lane."  (Doc. 37-1, p. 126).  Additionally, Mr. Massingill stated that he knew Mr. Johnson had to stop at the railroad tracks just

---

[2] Mr. Massingill turned onto Avenue w, a two-way road that is two lanes wide in each direction. (Doc. 53-1, pp. 128-29).

beyond the intersection because Mr. Johnson was driving a "tanker truck." (Doc. 53-1, p. 122).

Under Alabama law, "[n]o driver shall enter an intersection . . . unless there is sufficient space on the other side of the intersection . . . to accommodate the vehicle he or she is operating without obstructing the passage of other vehicles . . . ." Ala. Code § 32-5A-61 (1975). And "[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard." Ala. Code § 32-5A-111 (1975). Also, "[n]o person shall turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety nor without giving an appropriate signal . . ." Ala. Code § 32-5A-133 (1975).

Thus, the evidence indicates that a knowledgeable commercial driver, perhaps in violation of several state statutes, chose to place his truck in an intersection.[3] That voluntary conduct did not morph into a sudden emergency when the light turned to yellow and then red. Mr. Massingill created the hazardous situation, and he chose

---

[3] To resolve the Johnsons's motion, the Court does not have to decide whether Mr. Massingill's conduct constitutes negligence *per se*. *See McGough Bakeries Corp. v. Reynolds*, 35 So. 2d 332, 336 (Ala. 1948); *Carroll v. Deaton, Inc.*, 555 So. 2d 140, 141 (Ala. 1989); *Consolidated Freightways, Inc. v. Pacheco-Rivera*, 524 So. 2d 346, 350 (Ala. 1988). The statutes simply shed light on the circumstances surrounding Mr. Massingill's decision to pull his truck into an intersection regulated by a traffic light while the lane into which he planned to turn was occupied.

to address the consequences of his decision by trying to squeeze past Mr. Johnson's truck. Unfortunately, he struck Mr. Johnson's truck as he pulled out of the intersection.

In his deposition, Mr. Massingill testified that Mr. Johnson was not performing an illegal or unsafe act at the time of the collision. (Doc. 53-1, pp. 83-84). Mr. Massingill testified that he believes that he was at fault for the collision. (Doc. 53-1, p. 84). Mr. Massingill testified that he could have avoided the collision, but he chose to make a left turn. (Doc. 53-1, p. 84). And Mr. Massingill testified that after his accident with Mr. Johnson, ABF determined that the collision was preventable. (Doc. 53-1, p. 85).

Whether the defendant in a negligence action owed the plaintiff a duty of care "is strictly a question of law." *Jones Food Co., Inc. v. Shipman*, 981 So.2d 355, 361 (Ala. 2006). Because the sudden emergency doctrine does not apply here, Mr. Massingill is not entitled to a modified standard of care. Instead, at a minimum, Mr. Massingill owed Mr. Johnson the general duty of a driver to exercise due care and to keep a lookout for others using the road. *Holley v. Josey*, 82 So.2d 328, 332 (1955). Because the evidence is undisputed that Mr. Massingill struck Mr. Johnson's lawfully stopped truck from behind, and because there is no evidence of another cause or contributing factor, as a matter of law, Mr. Massingill breached the applicable duty of care, and the Johnsons are entitled to summary judgment on the

issue of breach.  *See Fedonczak v. Grissom*, 2011 WL 344130, at *3 (M.D. Ala. Feb. 1, 2011) (citing *Harshaw v. Nationwide Mut. Ins. Co.*, 834 So. 2d 762, 765 (Ala. 2010)).

Therefore, the Court grants the Johnsons's motion for partial summary judgment.

**DONE** and **ORDERED** this August 19, 2020August 18, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE