FILED

2020 Aug-21  PM 01:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES JOHNSON, JR., and ERICKA JOHNSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No.: 2:18-cv-01835-MHH |
| ABF FREIGHT SYSTEM, INC., and MARK EUGENE MASSINGILL, | ) ) ) ) | |
| Defendants. | ) ) | |

## MOTION TO CLARIFY

COME NOW Defendants, ABF Freight System, Inc. and Mark Eugene Massingill, and hereby respectfully move for the Court to clarify the scope of the partial summary judgment granted to Plaintiffs on August 19, 2020 (Doc. 57). In support thereof, Defendants argue as follows:

1.      In April, Plaintiffs filed a Motion for Partial Summary Judgment (Doc. 34). Their Motion requested partial summary judgment "on the issue of Mr. Massingill's fault and liability" as to both Defendants. (Doc. 34 at p. 2). Their Brief, though, described the sought partial summary judgment as one "on the issue of Mr. Massingill's negligent breach of duty." (Doc. 35 at p. 9). Plaintiffs' arguments

addressed the scope of Mr. Massingill's duty of care towards other drivers and the

reasons why liability for negligent operation was undisputed. (*See id.* at pp. 6-8).

Although Plaintiffs summarily asserted that the Partial Motion for Summary

Judgment addressed the "issue of liability," Plaintiffs put forth no facts regarding

damages or proximate causation of a particular injury. (*See id.* at pp. 2-4).

  2. The Court granted partial summary judgment "on the issue of breach"

as applied to Plaintiffs' negligence claim. (Doc. 57 at pp. 5-6). It cited *Fedonczak v.*

*Grissom*, 2011 WL 344130, 2011 U.S. Dist. LEXIS 9562 (M.D. Ala. Feb. 1, 2011),

to support the granted partial summary judgment. In *Fedonczak*, the district court

recognized that there was some ambiguity in the plaintiffs' partial motion for

summary judgment regarding the elements of negligence on which they sought

summary judgment. 2011 U.S. Dist. LEXIS 9562, at *5. It explained that the

plaintiffs were inconsistent about whether a partial summary judgment on "fault"

would encompass a finding on the causation element of negligence. *Id.* at *5-6.

Ultimately, it determined that the partial summary judgment only went to the

elements of duty and breach. *Id.* at *6. In granting the plaintiffs' requested partial

summary judgment, the *Fedonczak* Court explained its partial summary judgment as

follows:

> The elements of legal duty and breach of legal duty have been
> established as a matter of law. The other elements of the negligence
> cause of action–causation and damages–remain to be resolved at trial.
> None of the other causes of action, including wantonness, underinsured

{DOC# 00679280}  2

motorist, and loss of consortium are affected by this order, except to the extent that these causes of action also involve the elements of duty and breach.

*Id.* at *9-10.

3.      Here, as in *Fedonczak*, Plaintiffs argued for a partial summary judgment on the issues of duty and negligent breach of duty by Mr. Massingill. They did not put forth any facts to support a summary judgment on causation or damages. Substantial disputes remain concerning the amount of personal injury damages, if any, that were proximately caused by the subject accident. Because Plaintiffs limited their arguments and factual presentation to the elements of duty and breach, the partial summary judgment is due to be clarified to state the elements decided as a matter of law and the elements left for decision at trial.

4.      Therefore, Defendants respectfully request that the Court grant this motion and clarify the partial summary judgment granted on August 19, 2020 to state that the elements of legal duty and negligent breach of legal duty by Mr. Massingill have been established as a matter of law, that the elements of causation and damages remain to be resolved at trial, and that none of the other causes of action are affected by the partial summary judgment except to the extent that these causes of action involve the elements of legal duty and negligent breach of legal duty.

{DOC# 00679280}                                      3

Respectfully submitted,

*s/ Thomas L. Oliver, II*
Thomas L. Oliver, II (ASB-3153-R53T)
Robert A. Arnwine, Jr. (ASB-5964-B65A)
Attorneys for Defendants

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057
E-mail:       toliver@carrallison.com
                 rarnwine@carrallison.com

{DOC# 00679280}                    4

## CERTIFICATE OF SERVICE

I hereby certify that on the 21ˢᵗ day of August 2020, I have served a copy of the above and foregoing on counsel for all parties by:

_____Facsimile transmission;

_____Hand Delivery;

___ ___Electronic Mail;

_____Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or

___X___Using the Alafile or CM/ECF system which will send notifications of such to the following:

Eric Tiebauer
**The Tiebauer Law Offices, LLC**
P.O. Box 1421
4363 Highway 45 North
Waynesboro, Mississippi 39367
Telephone:   (601) 735-5222
Facsimile:   (601) 735-5008

Jason M. Baer
**Baer Law, LLC**
3000 Kingman Street
Suite 200
Metairie, LA 70006
Telephone:   (504) 372-0111
Facsimile:   (504) 372-0151

*s/ Thomas L. Oliver, II*
Of Counsel