**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **James Johnson, Jr., et al.** * | |
| * | |
|     **Plaintiffs** * | **Case No.: 2:18-cv-1835-MHH** |
| * | |
| **v.** * | |
| * | |
| **ABF Freight System, Inc., et al.** * | |
| * | |
|     **Defendants** * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION *IN LIMINE* TO EXCLUDE/LIMIT DR. LARS REINHART FROM OPINING ON BIOMECHANICS & ACCIDENT RECONSTRUCTION BECAUSE (1) HE IS NOT QUALIFIED AND (2) HIS OPINIONS ARE NOT HELPFUL

For an engineer to be qualified to give engineering opinions, his opinions must be <u>within his specific subject area</u>.  The proffered opinions must also be helpful to the factfinder by going beyond matters within the understanding of the average layperson.  Here, Dr. Lars Reinhart testified—among other things:

- he is <u>not</u> putting himself forward as a biomechanical engineer and

- he quantified force based on matters within the understanding of the average layperson (*i.e.*, based on experience riding roller coasters).

The question before this Court is whether—as a mechanical engineer whose opinions are based on his personal experience riding roller coasters—he should be permitted to provide expert biomechanical opinions.[1]

---

[1] This Motion is limited to the issues of whether Dr. Reinhart is (1) *qualified to give biomechanical opinions* and (2) whether his biomechanical and accident reconstruction testimony *helpful*.  His qualifications regarding *medical causation* where addressed in a separate, previously-filed Motion and Memorandum in Support (Docs. 67 and 68, attached as Exhibits 1 and 2).  The reliability of

1

As explained in the accompanying Memorandum in Support, Dr. Reinhart is not a qualified biomechanical engineer (or spine doctor).  He has not satisfied his burden of showing he is qualified to offer biomechanical opinions—to the contrary, he testified that he is a mechanical engineer—not a biomechanical engineer.  Additionally, his testimony would not be helpful, since—in his own words—his accident reconstruction and quantification of force came from common, layperson experience.  As such, this Court should GRANT this Motion *in Limine* to Exclude Dr. Reinhart from testifying since all his opinions rely on his unqualified and unhelpful biomechanical and accident reconstruction opinions or, in the alternative, limit him to prevent him from offering biomechanical and accident reconstruction testimony.

Respectfully Submitted, this the 13th day of November, 2020, A.D.

**THE TIEBAUER LAW OFFICES, LLC**
*/s/  Eric Tiebauer*
**ERIC TIEBAUER**, ASB# 2431-E68E
P.O. Box 1421
4363 Highway 45 North
Waynesboro, MS 39367
Telephone:  (601) 735-5222
Facsimile:   (601) 735-5008
Email:              tiebauer@att.net
*Counsel for Plaintiffs*

---

his opinions is addressed in the contemporaneously-filed *Daubert* Motion.  These other motions and their Supporting Memoranda—are incorporated by reference into this Motion.

*and*

**BAER LAW, LLC**
**JASON M. BAER**, Bar No. 31609
*Admitted Pro Hac Vice*
3000 Kingman St., Ste 200
Metairie, LA 70006
Telephone: (504) 372-0111
Facsimile: (504) 372-0151
Email:        jbaer@baerlawllc.com

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon counsel for all parties via CM/ECF Filer System, on this 13th day of November, 2020.

*/s/  Eric Tiebauer*
ASB# 2431-E68E