FILED
2021 Mar-26  PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **James Johnson, Jr., et al.** | * | |
| | * | |
| **Plaintiffs** | * | **Case No.: 2:18-cv-1835-MHH** |
| | * | |
| **v.** | * | |
| | * | |
| **ABF Freight System, Inc., et al.** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* REGARDING MR. JOHNSON'S INCURRED MEDICAL BILLS

### I.     Introduction

Incurred medical expenses that a plaintiff is obligated to pay are admissible evidence, but other contractual obligations between third partiesfpubli that do not affect plaintiff's obligation to pay the full amount are irrelevant and inadmissible. Here, Mr. Johnson has incurred substantial medical expenses as a result of the injuries he sustained in the accident, and he remains liable for the full amount of those medical bills.  The question before this Court is whether Defendants can argue before the jury that Mr. Johnson does not owe the full amount of the medical charges for his medical treatment without presenting evidence of other contractual amounts that do not reduce the amount Mr. Johnson is liable to pay.

1

## II.   **Factual Background**

As this Court is aware, Mr. Johnson's damages are the primary issue in this case.   (Doc. 115, p. 2).   Defendants have filed a Motion *in Limine* to exclude Mr. Johnson's medical bills, alleging that they are not reasonable without taking the time to call a single medical provider or surgery center in the New Orleans area to inquire about their charges for the same procedures Mr. Johnson underwent and whether they were reasonable in the area—even though that was how Defendants' expert, Ms. Michalski, set the pricing for a private medical practice she used to work for.   (Doc. 91; Doc. 138, p.10).   This Court ruled in a hearing on November 9, 2020 that Mr. Johnson's medical records and bills are admissible at trial as long as they are properly authenticated under the Federal Rules of Evidence (presumably Federal Rule of Evidence 803), which defense counsel has not contested.

## III.   **Law & Analysis**

Pursuant to the Federal Rules of Evidence, irrelevant evidence is never admissible.   F.R.E. 402.   To be relevant, the evidence must be a fact of consequence in determining the action.   F.R.E. 401.

In a personal injury case, medical expenses are relevant because they go to the amount of a plaintiff's damages.   In determining what amount a plaintiff can recover for medical expenses, Alabama law looks to the amounts a plaintiff is liable to pay for those medical services.   For example, in *Magrinat v. Maddox*, 220 So. 3d

1081, 1086–87 (Ala. Civ. App. 2016), an Alabama appellate court explained that **a plaintiff is entitled to recover as medical damages the amount he owes for his medical treatment—regardless of whether the medical provider sells the debt to a third party for a different amount**. *For the inverse situation, see Bobo v. Tennessee Valley Auth.*, 855 F.3d 1294, 1311 (11th Cir. 2017) ("damages are unrecoverable where the plaintiff […] or is not liable [to pay] such items"). In other words, Alabama law focuses on what amount a personal injury plaintiff owes as a result of his treatment—*not* on the amount his provider actually receives for the services rendered. This makes sense, since medical specials are *compensatory* damages designed to *compensate* the plaintiff for losses he suffers at the hands of a tortfeasor. *See, e.g., Ex parte S & M, LLC*, 120 So. 3d 509, 510 (Ala. 2012).

The Eleventh Circuit has addressed the hybrid substantive-evidentiary nature of medical bill issues, such as collateral source issues. *ML Healthcare Services LLC v. Publix Super Markets Inc.*, 881 F.3d 1293, 1299–1300 (2018). In that case, it provided a detailed explanation regarding how some state evidentiary rules—like Alabama's collateral source rule—are substantive in nature. *Id.* Generally speaking, Alabama law specifically states that in a personal injury action for damages seeking qualifying medical expenses, "evidence that the plaintiff's medical . . . expenses have been ***or will be paid*** or reimbursed shall be admissible as competent evidence."[1]

---

[1] Ala. Code 1975 § 12-21-45 ("In all civil actions where damages for any medical or hospital

3

Here, Mr. Johnson incurred and will have to pay medical bills associated with his treatment. His doctors will testify that these bills were associated with his treatment. ***Mr. Johnson remains liable for the full amount of his medical bills***. The agreement by which Mr. Johnson bound himself to pay these bills is the only relevant contract for the purposes of their admissibility and recovery. Other agreements between third parties—including any lesser agreements or amounts that his healthcare providers may have accepted for their own business decisions—does not inure to Mr. Johnson's benefit or affect the fact that he remains liable for the full amount of his bills. As such, introduction of evidence concerning agreements between Mr. Johnson's health care providers and any other entity involving Mr. Johnson's medical bills is irrelevant and have already been deemed to be not even discoverable by a Nevada federal court in this very case. *In re Subpoenas to Medport LA, LLC*, 2:20-cv-00552-JAD-BNW, Doc. 24, p. 7[2] ("In this case, however, [Mr. Johnson] must pay Medport the full amount he was billed by his medical providers—irrespective of the price Medport paid for those accounts receivable. . . . As a result, it appears he will be able to introduce the full amount he

expenses are claimed and are legally recoverable for personal injury or death, evidence that the plaintiff's medical or hospital expenses have been or will be paid or reimbursed shall be admissible as competent evidence.") (emphasis added).

[2] Exhibit 1, Nevada Court's Order regarding subpoenas.

4

owes Medport as part of his damages calculation."). Because this evidence is irrelevant, it should be excluded at trial.

Ultimately, the amount Mr. Johnson recovers for his medical expenses is a question of fact for the jury to decide. The starting point for the proper amount of his medical compensatory damages will be his properly-authenticated medical bills pursuant to Federal Rule of Evidence 803. They would also be admissible pursuant to Ala. Code 1975 § 12-21-45 since they are bills that "will be paid." The jury can then assess the reasonableness of the treatment and the bills based on all the evidence, including testimony from the witnesses.

## IV.   Conclusion

Incurred medical expenses that a plaintiff is obligated to pay are admissible evidence, but other contractual obligations that do not affect plaintiff's obligation to pay the full amount are irrelevant and inadmissible. Here, Mr. Johnson has incurred substantial medical expenses as a result of the injuries he sustained in the accident, and he remains liable for the full amount of those medical bills. The question before this Court is whether Mr. Johnson's can present evidence of all the medical bills he has incurred. This Court should exclude any evidence of other contracts between third parties that do not reduce the amount Mr. Johnson is liable to pay, because they are irrelevant to his claim and would confuse the jury.

SIGNATURE BLOCK CONTINUED ON FOLLOWING PAGE

Respectfully submitted,

JAMES JOHNSON, et al.

*/s/Eric Tiebauer*
BY:   ERIC TIEBAUER, ASB# 2431-E68E

The Tiebauer Law Offices, LLC
P.O. Box 1421
Waynesboro, MS 39367
Telephone:   (601) 735-5222
Facsimile:   (601) 735-5008
Email:        tiebauer@att.net
*Counsel for Plaintiffs*

*and*

**BAER LAW, LLC**
**JASON M. BAER**, Bar No. 31609
     *Admitted Pro Hac Vice*
3000 Kingman St., Ste 200
Metairie, LA 70006
Telephone:   (504) 372-0111
Facsimile:   (504) 372-0151
Email:        jbaer@baerlawllc.com

*and*

**THE KING FIRM, LLC**
**JASON F. GILES**, La. Bar #29211
     *Admitted Pro Hac Vice*
2912 Canal Street
New Orleans, LA 70119
Phone:        504-909-5464
Fax:          800-901-6470

CERTIFICATE OF SERVICE ON FOLLOWING PAGE

6

## CERTIFICATE OF SERVICE

I, Eric Tiebauer, do hereby certify that a copy of the above and foregoing pleading has been served upon counsel for all parties via CM/ECF Filer System, on this 26th day of March, 2021.

/s/Eric Tiebauer
BY:   ERIC TIEBAUER, ASB# 2431-E68E
The Tiebauer Law Offices, LLC
P.O. Box 1421
Waynesboro, MS 39367
Telephone:  (601) 735-5222
Facsimile:   (601) 735-5008
Email:        tiebauer@att.net
Counsel for Plaintiffs

7