UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES JOHNSON, JR.,** and **ERICKA JOHNSON,** | }<br>}<br>}<br>} |
| Plaintiffs, | }<br>} |
| v. | } Case No.:  2:18-cv-01835-MHH<br>}<br>}<br>} |
| **ABF FREIGHT SYSTEM, INC.** and **MARK EUGENE MASSINGILL,** | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

ABF Freight System has asked the Court to enter judgment in its favor on the Johnsons' negligence claims against it. (Doc. 83). The Court grants ABF's motion.

1

## Summary Judgment Standard

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  To demonstrate that there is a genuine dispute as to a material fact that precludes summary judgment, a party opposing a motion for summary judgment must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A).  "The Court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).  When considering a summary judgment motion, a district court must view the evidence in the record and draw reasonable inferences in the light most favorable to the non-moving party. *Asalde v. First Class Parking Sys. LLC*, 898 F.3d 1136, 1138 (11th Cir. 2018). Accordingly, the Court views the evidence in the light most favorable to the Johnsons.

## Analysis

The Johnsons allege that ABF negligently trained, retained, and supervised Mr. Massingill and negligently entrusted a tractor-trailer truck to him. (Doc. 1-1, pp. 7–8, ¶¶ 33–42). In *Synergies3 Tec Servs., LLC v. Corvo*, the Alabama Supreme Court explained the principles underlying liability for an employer on a negligent hiring, training, or supervision claim:

> "'In the master and servant relationship, the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him. Liability depends upon its being established by affirmative proof that such incompetency was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge. It is incumbent on the party charging negligence to show it by proper evidence. This may be done by showing specific acts of incompetency and bringing them home to the knowledge of the master, or by showing them to be of such nature, character, and frequency that the master, in the exercise of due care, must have had them brought to his notice. While such specific acts of alleged incompetency cannot be shown to prove that the servant was negligent in doing or omitting to do the act complained of, it is proper, when repeated acts of carelessness and incompetency of a certain character are shown on the part of the servant to leave it to the jury whether they would have come to his knowledge, had he exercised ordinary care.'"

--- So. 3d ---, 2020 WL 4913636, at *9 (Ala. Aug. 21, 2020) (quoting *Lane v. Central Bank of Alabama, N.A.*, 425 So. 2d 1098, 1100 (Ala. 1983), in turn quoting *Thompson v. Havard*, 235 So. 2d 853, 858 (Ala. 1970)).

Alabama law on negligent entrustment similarly requires knowledge of the servant's incompetence:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know will be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Pryor v. Brown & Root USA*, 674 So. 2d 45, 51 (Ala. 1995).

The Johnsons' negligence claims against ABF fail under Alabama law because the Johnsons have not demonstrated that ABF knew or had reason to know that Mr. Massingill was not a competent driver. The evidence in the record shows that before he began driving for ABF, Mr. Massingill completed a 160-hour driving school, received his Class A Commercial Driver's License, and passed a road test. When ABF hired Mr. Massingill, he had no accidents reported in a commercial vehicle. (Doc. 83-1, pp. 84, 88, 90; Doc. 53-1, p. 10).

About a year and a half before Mr. Massingill's collision with Mr. Johnson, Mr. Massingill had an accident in a parking lot. He pulled his trailer around a building and clipped the grill of an unoccupied truck. (Doc. 83-1, pp. 16–17, tpp. 60–61). It is undisputed that ABF learned of that accident shortly after it happened. The Johnsons argue that "when Mr. Massingill hit a completely stopped truck, that

4

showed he lacked even the basic competence required to drive," and therefore ABF knew that Mr. Massingill was incompetent to drive.  (Doc. 123, p. 19).  Alabama law says otherwise.

Under Alabama law, "the incompetence of a driver is measured by the driver's demonstrated ability (or inability) to properly drive a vehicle."  *Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 413–14 (Ala. 2005).  The Alabama Supreme Court has held that "[o]ne prior accident, *standing alone*, is not substantial evidence of incompetence."  *Edwards v. Valentine*, 926 So. 2d 315, 324 (Ala. 2005) (citing *Thedford v. Payne*, 813 So. 2d 905 (Ala. Civ. App. 2001)) (emphasis in *Edwards*).  In *Edwards*, the Alabama Supreme Court explained that the offending driver's one prior accident "could be considered by the trial court *in conjunction* with" other evidence to establish incompetence, but one accident alone was not sufficient.  *Edwards*, 926 So. 2d at 324 (emphasis in *Edwards*).  Here, Mr. Massingill struck an unoccupied truck in a freight yard a year and a half before he struck Mr. Johnson's truck.  The Johnsons point to no other evidence of Mr. Massingill's incompetence.

Because the Johnsons have not identified a disputed question of fact regarding ABF's knowledge of Mr. Massingill's alleged incompetence, the Johnsons may not present their negligence claims against ABF to a jury.  Accordingly, ABF is entitled to summary judgment on the Johnsons' negligence claims against the company.

5

## Conclusion

For the reasons above, the Court grants ABF's motion for summary judgment on the Johnsons' claims of negligent training, supervision, retention, and entrustment.

**DONE** and **ORDERED** this April 8, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE