UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES JOHNSON, JR., and ERICKA JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>ABF FREIGHT SYSTEM, INC. and MARK EUGENE MASSINGILL,<br><br>Defendants. | }<br>}<br>}<br>}<br>}<br>}<br>}  Case No.: 2:18-cv-01835-MHH<br>}<br>}<br>}<br>}<br>}<br>} |

## MEMORANDUM OPINION AND ORDER

ABF Freight System and Mark Massingill have asked the Court to enter judgment in their favor on the Ericka Johnson's loss-of-consortium claims against them to the extent that she seeks to recover damages for the period following her separation from James Johnson. (Doc. 83). The Court denies the defendants' motion.

1

## Summary Judgment Standard

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). To demonstrate that there is a genuine dispute as to a material fact that precludes summary judgment, a party opposing a motion for summary judgment must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). "The Court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). When considering a summary judgment motion, a district court must view the evidence in the record and draw reasonable inferences in the light most favorable to the non-moving party. *Asalde v. First Class Parking Sys. LLC*, 898 F.3d 1136, 1138 (11th Cir. 2018). Accordingly, the Court views the evidence in the light most favorable to Ericka Johnson.

## Analysis

Ericka Johnson has sued ABF and Mr. Massingill for loss of consortium. (Doc. 1-1, pp. 8–9, ¶¶ 43–46). In the complaint that she filed with Mr. Johnson, Ms. Johnson alleged that she and Mr. Johnson were legally married. (Doc. 1-1, p. 8, ¶

44). Since they filed their complaint, Mr. and Mrs. Johnson have separated, and Mrs. Johnson has testified that she has no interest in reconciling with Mr. Johnson. (Doc. 83-1, pp. 98, 105, tpp. 7–8, 33–34). The defendants argue that Mrs. Johnson "is not entitled to any damages for the period of time following her separation from Mr. Johnson because her marital interest in James Johnson's company, affection, society, and companionship has been voluntarily relinquished by her permanent separation from James Johnson." (Doc. 86, p. 27).

Under Alabama law, "a jury must find for a spouse asserting a loss of consortium if the jury finds against the defendant on the underlying claim, provided that the spouse claiming loss of consortium can prove damage to his or her marital interest resulting from the underlying wrongful act." *Ex parte N.P.*, 676 So. 2d 928, 930 (Ala. 1996). "The consortium interest of a spouse is more than a mere interest in continued sexual intercourse. In addition to 'sexual relations,' '[c]onsortium includes love, companionship, affection, society, comfort, solace, support, … and services.'" *Ex parte N.P.*, 676 So. 2d at 931 n.3 (quoting Charles W. Gamble, ALABAMA LAW OF DAMAGES, § 20-3, p. 262 (3d ed. 1994)).

The defendants do not cite, and the Court has not found, Alabama law suggesting that a spouse's loss-of-consortium damages are cut off when a couple separates. If the trial evidence demonstrates that the consequences of the defendants' alleged conduct caused the separation, then Ms. Johnson is entitled to

recover for that loss.  If the trial evidence demonstrates that Mr. and Mrs. Johnson separated for reasons unrelated to Mr. Johnson's accident and injuries, then the defendants may renew their request to limit Ms. Johnson's damages at the close of the evidence.

Accordingly, the defendants are not entitled to summary judgment on Mrs. Johnson's loss-of-consortium claim to the extent that she seeks damages following her separation from Mr. Johnson.

**DONE** and **ORDERED** this April 9, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE