FILED
2021 Apr-16  PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES JOHNSON, JR., and**<br>**ERICKA JOHNSON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 2:18-cv-01835-MHH** |
| **ABF FREIGHT SYSTEM, INC.,**<br>**and MARK EUGENE**<br>**MASSINGILL,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION IN *LIMINE* REGARDING MR. JOHNSON'S INCURRED MEDICAL BILLS

COME NOW Defendants **ABF Freight System, Inc.** and **Mark Eugene Massingill**, by and through the undersigned counsel, and submit the following brief in opposition to Plaintiffs' Motion *in Limine* regarding incurred medical bills (Doc. 143).

During this trial, the jury will be asked to assess if Plaintiff James Johnson's treatment "was reasonably necessary, **that the expenses for it were reasonable in amount**, and that the need for the treatment was caused by [Defendants'] conduct." Alabama Pattern Jury Instruction 11.15 (3rd edition 2020-2021) (emphasis added).

{DOC# 00725159}

The parties have disagreed throughout the case whether the retail medical charges Plaintiffs rely upon are reasonable in amount. Now, Plaintiffs seek to foreclose the jury from considering highly probative evidence on the reasonableness of the treating physicians' charges – whether Plaintiffs' treating physicians substantially discounted their retail charges when Medport, a third-party funding company, purchased the physicians' accounts receivable for medical services to Mr. Johnson.

The Federal Rules of Evidence and federal evidentiary law apply to evidentiary disputes in diversity actions such as this case. *ML Healthcare Servs., LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293, 1299 (11th Cir. 2018). Federal evidentiary law typically applies to whether particular evidence runs afoul of a state's collateral source rule, even though the collateral source rule is substantive in nature. *Id.*

Alabama has abrogated the collateral source rule and allows a defendant to admit evidence "that the plaintiff's medical or hospital expenses have been or will be paid or reimbursed[.]" Ala. Code § 12-21-45(a). "Upon proof by the plaintiff to the court that the plaintiff is obligated to repay the medical or hospital expenses which have been or will be paid or reimbursed, evidence relating to such reimbursement or payment shall be admissible."[1] Ala. Code § 12-21-45(c). Simply

---

[1] *ML Healthcare* discusses Alabama's former collateral source rule that barred the admission of collateral payments. *ML Healthcare*, 881 F.3d at 1300. It addresses the former collateral source rule in the process of distinguishing the case before it from a 1983 Eleventh Circuit opinion applying Alabama's former collateral source rule. *See id.* at 1299-1301 (discussing *Southern v.*

put, "a defendant in a personal injury action governed by Alabama law may now offer evidence that the plaintiff's medical or hospital expenses were or will be paid or reimbursed by a third party. In the wake of § 12-21-45, it is error for a trial court to forbid a defendant from introducing evidence of collateral-source payments for a plaintiff's medical expenses." *Washington v. United States*, 17 F. Supp. 3d 1154, 1158 (S.D. Ala. 2014).

Plaintiffs point to no federal case law or Alabama case law excluding contractual agreements between third-party funding companies and treating physicians as evidence pertaining to the reasonableness of medical charges. Several federal courts have admitted evidence that a treating physician submitted a full charge to a third-party funding company, but then agreed to have the company purchase the medical bills at a discount, as relevant evidence of the reasonableness of the full charge for which the plaintiff seeks compensatory damages. *Houston v. Publix Supermarkets*, No. 1:13-CV-206-TWT, 2015 WL 4581541, 2015 U.S. Dist. LEXIS 102093, at *3-4 (N.D. Ga. July 29, 2015); *Rangel v. Anderson*, 202 F. Supp. 3d 1361, 1374 (S.D. Ga. 2016). The *Magrinat v. Maddox* opinion discussed in Plaintiffs' Motion *in Limine* did not address this issue because the appellee-defendant there did not contest the reasonableness of the surgeon's charges on

---

*Plumb Tools, A Division of O'Ames Corporation*, 696 F.2d 1321 (11th Cir. 1983)). The Alabama Legislature abrogated the collateral source rule in 1987. Ala. Code § 12-21-45(d). The Alabama Supreme Court held this abrogation to be constitutional in *Marsh v. Green*, 782 So. 2d 223, 233 (Ala. 2000).

appeal. *Magrinat v. Maddox*, 220 So. 3d 1081, 1086 (Ala. Civ. App. 2016) ("We note that, on appeal, Maddox does not contend that Dr. Buggay's charges for the treatment he provided to Magrinat were not necessary or reasonable."). Accordingly, the contractual agreements between Medport and Plaintiffs' treating physicians are relevant and admissible to determining whether the retail medical charges are reasonable.

The contractual agreements between Medport and the treating physicians also are admissible evidence of bias. In *ML Healthcare*, the Eleventh Circuit held that contractual agreements between a third-party litigation funding company and treating physicians were admissible evidence of the physicians' bias. 881 F.3d at 1301-04. "[P]roof of bias will typically be relevant." *Id.* at 1302. And, the grounds for bias are clear to see in this scenario:

> A jury might infer that Plaintiff's doctors were incentivized by ML Healthcare's referral and payment arrangement to provide testimony that was more favorable to Plaintiff than it otherwise would have been. If so, the jury would have found bias, which is clearly a relevant consideration in evaluating a witness's credibility.

*Id.* at 1302-03.

Two months ago, a Louisiana federal court denied a similar motion *in limine* concerning evidence of Medport's financial relationship with Dr. Peter Liechty, One Spine Institute (Dr. Liechty's clinic), and Crescent View Surgery Center. *Collins v. Benton*, No. 18-7465, 2021 WL 638116, 2021 U.S. Dist. LEXIS 30116 (E.D. La.

{DOC# 00725159}                                    4

Feb. 17, 2021) (discussing Dr. Liechty on 2021 U.S. Dist. LEXIS 30116, *9, One Spine Institute on *19, fn. 110, and Crescent View on *19, fn. 110). As in this case, the *Collins* plaintiffs argued that the agreements and payments between Medport and their medical providers were irrelevant to the trial of the case because Medport sought to recover the full balance of charges from the plaintiffs. *Collins*, 2021 U.S. Dist. LEXIS 30116, at *5-7. The *Collins* Court addressed the admissibility of the agreements under Louisiana's collateral source rule, which permits a plaintiff to recover for unnecessary or unreasonable medical expenses so long as they are incurred in good faith. *See id.* at *15. The *Collins* defendants faced a <u>higher burden</u> to admit the third-party evidence because it would have to be relevant to a bad-faith argument, not merely a reasonableness argument. Nevertheless, **the *Collins* Court found that the Medport evidence was relevant to the issues of the plaintiffs' bad faith and the credibility of the treating physicians**. *Id.* at *16-17 (favorably citing the Eleventh Circuit's *ML Healthcare* opinion). It specifically noted that the degree of the financial relationship between Medport and the treating physicians suggested a referral arrangement and a potential incentive for the treating physicians "to want the plaintiffs to win their case." *Id.* at *17, 19 (explaining that the degree of Medport's involvement in purchasing accounts receivable from the treating physicians "suggests that there may have been some referral arrangement between Medport, Plaintiffs' counsel, and/or the medical providers"). Here, as in *Collins*,

"Defendants should have the opportunity to question the medical providers about their relationships with Medport so that the jury can consider that information in assessing the credibility of the healthcare providers." *Id.* at *20.

Defendants are in possession of heavily-redacted versions of Medport's purchase agreements with Crescent View. (Exhibit A). One purchase agreement concerned sixteen accounts receivable, including Mr. Johnson's, indicating a close relationship between Medport and treating physicians at Crescent View that would incentivize those physicians to provide favorable causation testimony. (Exhibit A, p. 2). As evidence of reasonableness and bias, Defendants are entitled to ask Plaintiffs' treating physicians at trial whether they have the right to collect payment from Mr. Johnson, whether they sold those accounts receivable to a third party, and what amount they (or their practices) accepted for the accounts receivable.

Accordingly, Defendants respectfully request that Plaintiffs' Motion *in Limine* Regarding Mr. Johnson's Incurred Medical Bills (Doc. 143) be **denied**.

Respectfully submitted,

*/s/ Thomas L. Oliver, II*

Thomas L. Oliver, II (ASB-3153-R53T)
Robert A. Arnwine, Jr. (ASB-5964-B65A)
Dennis O. Vann, Jr. (ASB-5854-I61U)
Attorneys for Defendants

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216

Telephone:   (205) 822-2006
Facsimile:   (205) 822-2057
E-mail:      toliver@carrallison.com
             rarnwine@carrallison.com
             dvann@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

_____Facsimile transmission;
_____Hand Delivery;
___ _Electronic Mail;
_____Placing a copy of same in the United States Mail, properly
        addressed and first class postage prepaid to; and/or
__X__Using the Alafile or CM/ECF system which will send
        notifications of such to the following:

Eric Tiebauer
**The Tiebauer Law Offices, LLC**
P.O. Box 1421
4363 Highway 45 North
Waynesboro, Mississippi 39367
Telephone:  (601) 735-5222
Facsimile:   (601) 735-5008

Jason M. Baer
**Baer Law, LLC**
3000 Kingman Street
Suite 200
Metairie, LA 70006
Telephone:  (504) 372-0111
Facsimile:   (504) 372-0151

Jason F. Giles
**The King Firm**
2912 Canal Street
New Orleans, LA 70119
Telephone:  (504) 909-5464

                                        *s/ Thomas L. Oliver, II*
                                        Of Counsel