UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES JOHNSON, JR., and ERICKA JOHNSON, <br><br>　　Plaintiffs, <br><br>v. <br><br>ABF FREIGHT SYSTEM, INC. and MARK EUGENE MASSINGILL, <br><br>　　Defendants. | }<br>}<br>}<br>}<br>}<br>}  Case No.:  2:18-cv-01835-MHH<br>}<br>}<br>}<br>}<br>}<br>} |

## ORDER

Mr. Johnson has asked the Court to limit the testimony of Dr. Jennings Marshall, a retained expert witness for the defendants. (Doc. 141). Dr. Marshall has offered an opinion rebutting the opinion of plaintiffs' expert, Mr. Litolff, with respect to Mr. Johnson's lost wages for the seven months after the accident but before Mr. Johnson had spinal fusion surgery. (Doc. 141, p. 1). Mr. Johnson has indicated that he is "not seeking [] lost wages – and [is] willing to stipulate as such – for that period of time. Instead, Mr. Lito[l]ff's more conservative methodology does not begin to compute lost wages until *after* Mr. Johnson's surgery." (Doc. 141, p. 1) (emphasis in original). Mr. Johnson asks the Court to prohibit Dr. Marshall

from testifying to lost wages in that seven-month period because that time frame is not at issue in this case. (Doc. 141, p. 1).

Second, because Dr. Marshall testified that he would not offer lost wage calculation opinions, the Court should prohibit him from testifying about a calculated amount of future lost wages at trial. (Doc. 141, p. 2). Mr. Johnson points out that Dr. Marshall's expert report "did not include any opinions about specific dollar values regarding past or future lost wages." (Doc. 142, p. 7). "He did not conduct any calculations for past or future lost wages in his expert report. And in his deposition, he testified that he would not be offering any opinions on specific dollar values for past or future lost wages." (Doc. 142, pp. 7–8).

Because Mr. Johnson has stipulated that he will not seek lost wages for the seven-month period between the accident and his surgery, the Court grants the motion in limine concerning that evidence.

Mr. Johnson is correct that Dr. Marshall has not quantified Mr. Johnson's lost wages. Dr. Marshall has challenged Mr. Litolff's methodology:

> Ralph Litolff's [sic] assumes James Johnson's earning capacity prior to his accident was $62,400 per year. However, this assumption was based on a few months of current earnings and failed to examine James Johnson's earnings in the years prior to his accident. James Johnson's 2015 1040 tax return has gross wages of only $40,480, which is significantly below $62,400 and should have been given consideration in Ralph Litolff's report.

(Doc. 142-1, p. 2).  Dr. Marshall concluded that if Mr. Johnson "is unable to work now due to the accident, he has suffered a loss.  However, the [pre] injury income should be based on a longer period than 3.75 months of earnings."  (Doc. 142-1, p. 5).  Still, Dr. Marshall testified that he did not compute a present value of lost wages.  (Doc. 142-2, p. 9, tp. 33).  He stated:

> Q:  [Y]ou don't intend to offer an opinion with respect to any of the future earnings that Mr. Litolff computated following the seven months after the October 26, 2016 collision, do you?
>
> A:  Other than to state that the $62,400 is inappropriate because it was based on too short of a time period.

(Doc. 142-2, p. 12, tp. 46).  On this record, Dr. Marshall may not offer testimony quantifying Mr. Johnson's lost wages.

**DONE** and **ORDERED** this April 22, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE