# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMES JOHNSON, JR., and ERICKA JOHNSON,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**ABF FREIGHT SYSTEM, INC.,** and **MARK EUGENE MASSINGILL,** )<br>)<br>)<br>)<br>Defendants. ) | **Case No.: 2:18-cv-01835-MHH** |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR FOURTH MOTION *IN LIMINE*

COME NOW Defendants **ABF Freight System, Inc.** and **Mark Eugene Massingill**, by and through the undersigned counsel, and submit the following reply brief in support of their Fourth Motion *in Limine*. (Doc. 95).

Plaintiffs failed to provide their retained economist, Ralph Litolff, with key documents that he requested before issuing an opinion. Litolff testified that he requested 2016 and 2017 tax returns from Mr. Johnson's attorneys, but never received them. (Doc. 95-1, p. 36, l. 23 – p. 37, l. 5). He explained that the tax returns would have been "typical document[s]" to review in his process, but he accepted

{DOC# 00726781}                               1

alternative records of Mr. Johnson's income when he "realized the report date was coming due[.]" (*Id.*, p. 38, ll. 6-18).

Plaintiffs argue that Litolff's opinions are admissible because he conversed with Mr. Johnson in addition to reviewing the financial documents provided to him. Litolff testified, though, that his interview with Mr. Johnson was limited to a snapshot of his work and wages at the time of the accident:

> Q. Did you have any meetings or conversations with Mr. Johnson, the plaintiff in the case?
>
> A. Yes.
>
> Q. Tell me about those.
>
> A. We just had a – a discussion. I typically try to talk to the – the impacted party, whether that be a plaintiff or a defendant. We usually, for whatever reason, don't talk to the defendants as much because sometimes it's corporations, for example. But in this case, I believe I talked to Mr. Johnson, talked about what he was employed as, what were his job duties at date of accident, to confirm whether what we gathered in the petition was correct. Confirmed what his earnings level was pre-accident, and that – that's really the extent of the call.

(Doc. 95-1, p. 58, l. 20 – p. 59, l. 11). Moreover, **Litolff denied relying upon his conversation with Mr. Johnson as a basis for any of his opinions**:

> Q. Did he provide – did Mr. Johnson provide you any information that you used to form the basis of your report that he provided you verbally, as opposed to records?
>
> A. No. He did confirm certain things, as I mentioned. We talked about who was his employer at time of accident, and what his recollection was of what his average pay rate was. I think in this

> case, it was a weekly wage we talked about. But that's it. Mr. Johnson never sent me anything directly. Other than a very brief phone call, I never talked to him again. Never met him in person.

(*Id.*, p. 59, l. 22 – p. 60, l. 9). Litolff did not claim that he relied upon any information from that conversation to formulate his opinions. As such, Plaintiffs cannot claim on the eve of trial that Litolff relied upon information from that conversation to reach his disclosed opinions.

Plaintiffs contend that this is a disguised motion to compel, but Defendants are not seeking the production of any documents or sanctions for Plaintiffs' failure to produce them. Rather, Defendants are pointing out that Plaintiffs failed to provide their own retained expert with financial documents that he specifically requested as typical documents to review in his process of ascertaining past and future lost income damages. Mr. Johnson could have obtained these returns when his retained expert requested them, but he chose to not provide them to Litolff (or to Defendants). Because Plaintiffs failed to provide Mr. Litolff with key evidence to ascertain Mr. Johnson's pre-trial lost income and future loss of income, his opinions should be excluded from trial.

                              Respectfully submitted,

                              */s/ Thomas L. Oliver, II*
                              Thomas L. Oliver, II (ASB-3153-R53T)
                              Robert A. Arnwine, Jr. (ASB-5964-B65A)
                              Dennis O. Vann, Jr. (ASB-5854-I61U)
                              Attorneys for Defendants

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
E-mail: toliver@carrallison.com
rarnwine@carrallison.com
dvann@carrallison.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 30th day of April, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

  \_\_\_\_\_Facsimile transmission;
  \_\_\_\_\_Hand Delivery;
  \_\_\_\_\_Electronic Mail;
  \_\_\_\_\_Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or
  \_\_X\_\_Using the Alafile or CM/ECF system which will send notifications of such to the following:

Eric Tiebauer
**The Tiebauer Law Offices, LLC**
P.O. Box 1421
4363 Highway 45 North
Waynesboro, Mississippi 39367
Telephone:  (601) 735-5222
Facsimile:   (601) 735-5008

Jason M. Baer
**Baer Law, LLC**
3000 Kingman Street
Suite 200
Metairie, LA 70006
Telephone:  (504) 372-0111
Facsimile:   (504) 372-0151

Jason F. Giles
**The King Firm**
2912 Canal Street
New Orleans, LA 70119
Telephone:  (504) 909-5464

               *s/ Thomas L. Oliver, II*
               Of Counsel