IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES JOHNSON, JR.,** and **ERICKA JOHNSON,** | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| **ABF FREIGHT SYSTEM, INC.,** and **MARK EUGENE MASSINGILL,** | Case No.: 2:18-cv-01835-MHH |
| Defendants. | ) ) ) ) ) |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR THIRTEENTH MOTION *IN LIMINE*

COME NOW Defendants **ABF Freight System, Inc.** and **Mark Eugene Massingill**, by and through the undersigned counsel, and submit the following reply brief in support of their Thirteenth Motion *in Limine*. (Doc. 104).

**A. Mr. Massingill's prior accident is not "very similar" to the accident at issue in this case.**

Plaintiffs disregard the several vital differences between Massingill's 2015 parking lot accident and the accident at issue here. First, and most importantly, **there was no other driver involved in the 2015 accident and, thus, no injuries from that accident**. (Doc. 83-1, p. 17; tp. 61, ll. 3-4). Plaintiffs asks the Court to allow

{DOC# 00727663}                                  1

them to argue that Massingill could have inferred a likelihood of injury from an earlier accident in which no one was injured. Second, **the 2015 accident occurred in a parking lot, not an intersection**. (*Id.*, p. 16; tp. 59, ll. 21-23). Plaintiffs ask the Court to permit them to speculate from an accident in a parking lot that Massingill would have consciously appreciated risks from entering an intersection behind Mr. Massingill's tractor-trailer. Third, because the 2015 accident occurred in a terminal parking lot and not a roadway, Massingill's actions during the 2015 accident would not have violated any Rules of the Road. *See Dale v. Kelly*, 620 So. 2d 632, 633 (Ala. 1993) (holding that Alabama's Rules of the Road do not apply in private parking lots); Tenn. Code § 55-8-102 (explaining that Tennessee's Rules of the Road apply upon highways, and, in certain circumstances, streets and roads). Finally, there is no evidence indicating that Massingill's 2015 accident occurred in heavy truck traffic as discussed in the Court's summary-judgment opinion. (*See* Doc. 83-1 at pp. 16-17; tp. 59, l. 11 – tp. 62, l. 16). For all these reasons, Massingill's 2015 accident did not occur under the same or similar circumstances as the subject accident, and it cannot be classified as "very similar" to the accident at issue here.

    **B. Mr. Massingill's prior accident is of no relevance to determining whether he consciously appreciated a possibility of harm to others or whether he knowingly disregarded that possibility.**

Plaintiff contends, without citation to any authority, that Massingill's 2015 parking lot accident is relevant evidence of his state of mind in October of 2016.

Plaintiff provides no prior case where an Alabama court – state or federal – has admitted evidence of a single prior accident as relevant proof of a driver's wanton operation of a vehicle on a different occasion. To the contrary, at least one court has excluded a party's driving history as evidence of wanton operation. *Fisher v. Bofford*, No. 2:18-CV-446-WKW, 2020 U.S. Dist. LEXIS 203313, at *4 (M.D. Ala. Feb. 28, 2020). Moreover, this Court did not find the prior accident to be evidence that the jury could use to support Plaintiffs' wantonness claim in its summary-judgment opinion regarding wantonness. (*See generally* Doc. 152).

### C. Plaintiffs fail to identify what evidence or testimony about Massingill's hiring or training would be relevant to wantonness.

Plaintiffs argue that, as a general matter, Massingill's training could be relevant to his consciousness of danger, but Plaintiffs identify no specific testimony or evidence that is relevant to the wantonness claim. Likewise, Plaintiff identifies no portion of the driver qualification records or personnel records for Massingill that would be relevant to the wantonness claim. Since Plaintiffs cannot identify any specific evidence to the Court within this category, Defendant's Motion *in Limine* regarding Massingill's hiring, training, and supervision history at ABF should be granted.

Note that Defendants' Thirteenth Motion *in Limine* does not seek to exclude testimony about the Federal Motor Carrier Safety Regulations. Nor does it seek to exclude testimony and evidence about Mr. Massingill's education at a trucking

{DOC# 00727663}                                      3

school before ABF retained him as an employee driver. These matters are not placed at issue in the Thirteenth Motion *in Limine*, and an order granting this Motion would not have any effect on them.

Accordingly, for the reasons explained in the Thirteenth Motion *in Limine* and this Reply Brief, Defendants' Thirteenth Motion *in Limine* is due to be granted.

Respectfully submitted,

*/s/ Thomas L. Oliver, II*
Thomas L. Oliver, II (ASB-3153-R53T)
Robert A. Arnwine, Jr. (ASB-5964-B65A)
Dennis O. Vann, Jr. (ASB-5854-I61U)
Attorneys for Defendants

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057
E-mail:     toliver@carrallison.com
            rarnwine@carrallison.com
            dvann@carrallison.com

{DOC# 00727663}                    4

## CERTIFICATE OF SERVICE

      I hereby certify that on the 30th day of April, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

      \_\_\_\_\_Facsimile transmission;
      \_\_\_\_\_Hand Delivery;
      \_\_\_\_\_Electronic Mail;
      \_\_\_\_\_Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or
      \_\_X\_\_Using the Alafile or CM/ECF system which will send notifications of such to the following:

Eric Tiebauer
**The Tiebauer Law Offices, LLC**
P.O. Box 1421
4363 Highway 45 North
Waynesboro, Mississippi 39367
Telephone:  (601) 735-5222
Facsimile:  (601) 735-5008

Jason M. Baer
**Baer Law, LLC**
3000 Kingman Street
Suite 200
Metairie, LA 70006
Telephone:  (504) 372-0111
Facsimile:  (504) 372-0151

Jason F. Giles
**The King Firm**
2912 Canal Street
New Orleans, LA 70119
Telephone:  (504) 909-5464

                                            *s/ Thomas L. Oliver, II*
                                            Of Counsel