# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMES JOHNSON, JR.,** and **ERICKA JOHNSON,** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| **ABF FREIGHT SYSTEM, INC.,** and **MARK EUGENE MASSINGILL,** | ) Case No.: 2:18-cv-01835-MHH<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR FOURTEENTH MOTION *IN LIMINE*

COME NOW Defendants **ABF Freight System, Inc.** and **Mark Eugene Massingill**, by and through the undersigned counsel, and submit the following reply brief in support of their Fourteenth Motion *in Limine*. (Doc. 105).

*First,* Plaintiffs misstate which parties have the burden of proof regarding the application of hearsay exceptions to the accident report. The proponent of evidence bears the burden of proof to show that the hearsay rule is inapplicable to challenged evidence. *Bourjaily v. United States*, 483 U.S. 171, 176 (1987) ("[W]e hold that when preliminary facts relevant to Rule 801(d)(2)(E) are disputed, the offering party must prove them by a preponderance of the evidence."). Because Plaintiffs seek to

{DOC# 00727842}    1

admit the accident report into evidence, they have the burden to show that an exception to the rule against hearsay applies. (*See* Doc. 75, p. 8).

*Second*, several federal courts in Alabama have excluded accident reports from evidence in cases premised on diversity jurisdiction due to Alabama's prohibition against the admission of such reports. *Nooney v. Taylor Pallets & Recycling*, No. 1:17-cv-01519-SGC, 2020 WL 1083147, 2020 U.S. Dist. LEXIS 37275, at *3-4 (N.D. Ala. Mar. 4, 2020); *Quarles v. Tenn. Steel Haulers, Inc.*, No. 2:17-CV-308-WKW, 2019 WL 758616, 2019 U.S. Dist. LEXIS 26628, at *16-17 (M.D. Ala. Feb. 20, 2019); *Bowden v. Lincoln County Health Sys.*, No. CV-05-S-2503-NE, 2007 U.S. Dist. LEXIS 118715, at *3-4 (N.D. Ala. Mar. 22, 2007). Thus, Defendant's Fourteenth Motion *in Limine* is supported by federal authority, as well as the Alabama appellate opinions cited in the Motion. The *Mazer* opinion cited by Plaintiffs is distinguishable because that case concerned a diversity suit under Florida law, not Alabama law. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1268 (11th Cir. 2009). Furthermore, the *Mazer* Court affirmed the district court's exclusion of hearsay statements in an investigation report and declined to address whether other portions of the report could be admissible under a hearsay exception. *Id.* at 1278.

*Third*, Plaintiffs have provided the Court no evidence from which it could find that any portion of the accident report was based on the responding officer's personal

observations, rather than hearsay from Mr. Johnson or Mr. Massingill. Plaintiffs have not deposed Officer G.D. Armstead nor obtained an affidavit from him. Plaintiffs have not even filed the accident report for the Court's review, much less a redacted version of the report that they would seek to admit into evidence. Accordingly, Plaintiffs can only speculate that portions of the accident report would be admissible due to Officer Armstead's personal observations. Plaintiffs' speculations are insufficient to meet their burden of proof that one or more portions of the accident report are admissible under exceptions to the rule against hearsay.

        Respectfully submitted,

        */s/ Thomas L. Oliver, II*
        Thomas L. Oliver, II (ASB-3153-R53T)
        Robert A. Arnwine, Jr. (ASB-5964-B65A)
        Dennis O. Vann, Jr. (ASB-5854-I61U)
        Attorneys for Defendants

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057
E-mail:  toliver@carrallison.com
        rarnwine@carrallison.com
        dvann@carrallison.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 30th day of April, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

  \_\_\_\_\_Facsimile transmission;
  \_\_\_\_\_Hand Delivery;
  \_\_\_\_\_Electronic Mail;
  \_\_\_\_\_Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or
  \_\_X\_\_Using the Alafile or CM/ECF system which will send notifications of such to the following:

Eric Tiebauer
**The Tiebauer Law Offices, LLC**
P.O. Box 1421
4363 Highway 45 North
Waynesboro, Mississippi 39367
Telephone: (601) 735-5222
Facsimile: (601) 735-5008

Jason M. Baer
**Baer Law, LLC**
3000 Kingman Street
Suite 200
Metairie, LA 70006
Telephone: (504) 372-0111
Facsimile: (504) 372-0151

Jason F. Giles
**The King Firm**
2912 Canal Street
New Orleans, LA 70119
Telephone: (504) 909-5464

              *s/ Thomas L. Oliver, II*
              Of Counsel